## John S. Poyen *vs.* Joseph D. McNeill.

An officer, who was directed by a writ of replevin to replevy certain goods, provided the plaintiff should give a bond to the defendant "with sufficient *surety or* sureties, in the sum of _____ dollars, being twice the value of the said goods," took a bond with two sureties, and served the writ. *Held,* that the plaintiff might amend his writ, by striking out the words "surety or," and that the service was valid.

This was an action of replevin, in which the writ commanded the officer " to replevy an open buggy wagon, of the value of more than twenty dollars," and deliver it to the plaintiff, " provided that he, the said Poyen, shall give bond to the said M'Neill, with sufficient surety or sureties, in the sum of _____ dollars, being twice the value of the said goods and chattels, to prosecute," &c. The officer took a replevin bond, with two sureties, and replevied the wagon. At the return term, in the court of common pleas, the defendant moved that the action be dismissed, and that he might be allowed his costs, and have a judgment for a return, " because the laws of the land require that said writ should not be served until the said plaintiff should give a bond to said defendant with sufficient sureties, in a penalty double the property to be replevied." The plaintiff, at the same time, moved to amend his writ, by striking out the words " surety or." At the next term the court overruled the defendant's motion, and allowed the motion of the plaintiff. The defendant thereupon tendered a bill of exceptions, which the court refused to allow, because the rulings excepted to were merely interlocutory,

and not, at that stage of the cause, the subject of exceptions. No record was made of the allowance of said motion to amend, or of the disallowance of said motion to dismiss.

The defendant afterwards pleaded the general issue, reserving all his rights under his motion to dismiss. At the trial of the action and before going to the jury, the defendant again insisted on his motion to dismiss; but the court overruled it, and ruled that the writ was sufficient in law to sustain the plaintiff's action. A verdict was returned for the plaintiff, and the defendant alleged exceptions to said rulings.

*J. G. Abbott,* for the defendant. The writ was not in the form prescribed by law, and therefore the officer had no authority to serve it. *Moors v. Parker,* 3 Mass. 311, 312. *Simonds* v. *Parker,* 1 Met. 510. By the Rev. Sts. *c.* 113, §§ 19, 29, a writ of replevin cannot be lawfully served, unless the plaintiff gives the defendant a bond "with sufficient *sureties :*" and §§ 20, 28, direct that the writ shall prescribe the taking of *sureties,* by directing that it shall require "such bond" to be given, and that the writ "shall be in the same form, substantially, that has been heretofore established and used." The taking by the officer, being unwarranted, cannot be legalized by the subsequent amendment of the writ.

*B. F. Butler,* for the plaintiff. Such a bond as the statute requires was executed before the writ was served; and if the writ was defective, the amendment cured the defect and legalized the service. *Hearsey* v. *Bradbury,* 9 Mass. 95. *Clark* v. *Hellen,* 1 Iredell, 421. *Chadwick* v. *Divol,* 12 Verm 499. But the writ was sufficient before the amendment. The Rev. Sts. *c.* 113, § 20, direct that a writ to replevy distrained cattle shall require a bond with sufficient sureties; but no section directs that a writ to replevy goods shall require such a bond. Such writ, indeed, by § 28, is directed to be in the same form, substantially, as heretofore established; that is, not like that prescribed in § 20, but substantially like that prescribed by *St.* 1789, *c.* 26, § 4. Section 29 directs that the *bond* in case of goods replevied shall be like the bond, prescribed in § 20, in case of cattle replevied; and if it had been

intended that the *writ*, in both cases, should have required a bond with " sureties," it would have been so expressed.

In *Simonds* v. *Parker*, 1 Met. 510, the only point *decided* was, that the exceptions to the writ in that case could not prevail, because they were not seasonably taken. The suggestions as to their validity, if seasonably taken, were extrajudicial. But in that case the writ directed the officer to take a bond in a fixed sum, being twice the value set upon the goods by the plaintiff, and the officer took such bond contrary to the provisions of the Rev. Sts. c. 113, §§ 20, 29, which direct that the writ shall not express the sum for which the bond shall be taken, but that it shall be in double the value of the property, as appraised by disinterested persons, or as agreed upon by the parties.

The taking of one surety only, on a replevin bond, will not avoid proceedings in a replevin suit. *Kesler* v. *Haynes*, 6 Wend. 547. *A fortiori*, a direction to take a bond with " surety or sureties " will not avoid such proceedings, when two sureties are in fact taken before the writ is served.

SHAW, C. J. The court are of opinion that these exceptions cannot be sustained. Strictly speaking, the revised statutes do not prescribe the form of a writ of replevin for goods over $20 value. Rev. Sts. c. 113, § 28. They direct that the writ " shall be in the same form, substantially, that has been heretofore established and used," that is, established by law for such replevin writs, before the revised statutes ; not established by a prior provision in the same chapter, § 17, directing the mode of proceeding on a justice's writ, when cattle are replevied. But undoubtedly, under the above word " substantially," it is proper to alter the form of the writ so as to conform to the change of the law made by the revised statutes, requiring two sureties. But forms of writs given by statute are directory only, and it is sufficient that they are followed in substance. Whether the writ would have been good if served without taking two sureties, we need not consider, because before service such bond was given, conformably to Rev. Sts. c. 113, § 29.

25 *

And if the process was irregular, we think it was amendable, and the amendment well allowed, under the provision allowing amendments in form or substance " of any process." Rev. Sts. c. 100, § 22.

*Exceptions overruled*